# Order

Michigan Supreme Court
Lansing, Michigan

May 5, 2006

129946-9 & (118)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

DETROIT/WAYNE COUNTY STADIUM
AUTHORITY,
      Plaintiff-Appellee/Cross-Appellant,

v

DRINKWATER, TAYLOR AND MERRILL,
INC.,
      Defendant-Appellant/Cross-
      Appellee.

SC: 129946
COA: 251799
Wayne CC: 97-716709-CC

_____/

DETROIT/WAYNE COUNTY STADIUM
AUTHORITY,
      Plaintiff-Appellee/Cross-Appellant,

v

MARY TOOVALIAN, a/k/a MARIE
TOOVALIAN, NORA MARCH, and ARDAMES
JANOYAN a/k/a JANOYAN ARDAMEAS,
      Defendants-Appellants/Cross-
      Appellees.

SC: 129947
COA: 251800
Wayne CC: 97-710208-CC

_____/

DETROIT/WAYNE COUNTY STADIUM
AUTHORITY,
      Plaintiff-Appellee/Cross-Appellant,

v

BIMINI PROPERTIES, INC.,
      Defendant-Appellant/Cross-
      Appellee,

SC: 129948
COA: 251801
Wayne CC: 97-711106-CC

and

RICHARD N. MOLL,
         Defendant.

_____/

DETROIT/WAYNE COUNTY STADIUM
AUTHORITY,
         Plaintiff-Appellee/Cross-Appellant,

v

BIMINI PROPERTIES, INC.,
         Defendant-Appellant/Cross-
         Appellee,

and

VIRGINIA MOLL,
         Defendant.

_____/

SC: 129949
COA: 251802
Wayne CC: 97-711107-CC

On order of the Court, the application for leave to appeal the August 9, 2005 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered, and they are DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., concurs and states as follows:

I concur in the order denying leave to appeal. I write separately to clarify that nothing in the published Court of Appeals decision should be taken as affecting our decision in *Wayne Co v Hathcock*, 471 Mich 445 (2004). Moreover, the issue presented here is of diminished jurisprudential significance in a post-*Hathcock* world.

In these cases, plaintiff Detroit/Wayne County Stadium Authority initiated condemnation proceedings to acquire and assemble various parcels of property for use in constructing stadiums for the Detroit Lions (Ford Field) and the Detroit Tigers (Comerica Park). The parties here never asserted that the government lacked authority to condemn the properties in question, but only disputed the proper amount of "just compensation" for the taking of those properties. Thus, this case involves different issues than those presented in *Hathcock*.

I nevertheless write to state that the government's use of eminent domain powers to seize and assemble parcels of property from private owners for ultimate transfer to another private entity should not occur in a post-*Hathcock* environment. Our holding in *Hathcock* clearly prohibits the condemnation of private property for delivery to another private entity as it does not constitute a "public use" as contemplated by Const 1963, art 10, § 2. *Hathcock, supra* at 477-483. In any event, this case presents an issue of diminished jurisprudential significance in light of *Hathcock*. Moreover, as stated above, defendants did not contest the government's authority to condemn the properties in question. I thus concur in the order denying leave to appeal.

CAVANAGH, J., would grant leave to appeal.

WEAVER, J., would hear argument on the application for leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 5, 2006

Clerk

p0502